

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 14, 1977

The Honorable Terence S. Weakly
Kleberg County Attorney
Kingsville, Texas

Opinion No. H-980

Re: Whether failure to deliver collateral is an offense under section 32.33 of the Penal Code.

Dear Mr. Weakly:

You have requested our opinion concerning whether there is a concealment under section 32.33 of the Penal Code where a debtor refuses to deliver collateral upon demand of a secured party but does not harm or reduce the value of the collateral.

Section 32.33 provides in part:

(b) A person who has signed a security agreement creating a security interest in property or a mortgage or deed of trust creating a lien on property commits an offense if, with intent to hinder enforcement of that interest or lien, he destroys, removes, conceals, encumbers, transfers, or otherwise harms or reduces the value of the property.

(c) For purposes of this section, a person is presumed to have intended to hinder enforcement of the security interest or lien if, when any part of the debt secured by the security interest or lien was due, he failed:

(1) to pay the part then due; and
(2) if the secured party had made demand, to deliver possession of the secured property to the secured party.

Subsection (b) provides for two elements of the offense. The first is an intent to hinder enforcement of the lien; the second is to destroy, remove, conceal, encumber, transfer, or otherwise harm or reduce the value of the property. With respect to the second element, the mere failure to deliver possession is clearly not within the definitions of destroy, remove, encumber, transfer, or otherwise harm or reduce the value of the property. You have asked whether such a failure is within the definition of "conceal."

The intent of section 32.33 is apparently to protect secured property for the benefit of the creditor. The clause "otherwise harms or reduces the value of the property" implies that the forementioned acts also harm or reduce such value. Certainly the mere failure to deliver property generally would not reduce its value. Accordingly, we do not believe that such a failure would in itself constitute a concealment. We are further supported in this view by subsection (c) which makes the failure to deliver a facet of the first element of the offense, an intent to hinder enforcement of the lien. In our view a concealment under subsection (b) must entail some further act beyond mere failure to deliver, otherwise the entire second element of the offense would be superfluous. See 53 Tex. Jur.2d Statutes § 165, and authorities cited therein.

## S U M M A R Y

The mere refusal to deliver property to a secured party is not an offense under section 32.33 of the Penal Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee